UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARK ALLEN JUSTICE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-09-198 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Mark Allen Justice, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc.# 1) under 28 U.S.C. § 2254, challenging his state court felony conviction. On January 11, 2010, Justice was ordered to show cause, if any, why this court should not dismiss his application as time-barred under 28 U.S.C. § 2244(d). Justice has filed a response to the show cause order. (Doc.# 7). The Court has carefully reviewed Justice's response and finds it to be without merit. For the reasons explained below, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by limitations.

### I.  Procedural History

On September 21, 1992, Justice was convicted in the 122nd District Court of Galveston County, Texas, of the felony offense of aggravated assault. Justice's

conviction was affirmed on direct appeal on July 15, 1993. *Justice v. State*, No. 01-92-1207-CR (Tex. App. -- Houston [1st. Dist.] 1993). Justice did not file a petition for discretionary review. He filed an application for a state writ of habeas corpus on March 9, 2009. The application was dismissed by the Texas Court of Criminal Appeals on March 25, 2009. Justice filed the pending federal habeas action in this court on September 28, 2009. The petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Justice seeks federal habeas relief on the following grounds:

1. His conviction was obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant;

2. his conviction was obtained by a violation of the protection against double jeopardy, and;

3. he was denied the right to an appeal.

(Docket Entry No. 1)

## II. One-Year Statute of Limitations

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Because Justice's petition was filed well after that date, the one-year limitations period applies to his claims. *See Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). The court may therefore properly determine at the outset whether Smith's petition is timely.

Justice's direct appeal was affirmed on July 15, 1993; the deadline for filing a PDR was August 17, 1993. Justice did not file a PDR. His conviction became final, for purposes of federal habeas corpus review, thirty days after the appellate court's judgment

was entered, on August 17, 1993, when the time for filing a PDR expired. 28 U.S.C. § 2244(d)(1)(A); TEX. R. APP. PROC. 68.2(a). That date triggered the one-year federal limitations period, which expired on August 17, 1994. The instant federal petition was filed on September 9, 2009.

In *Flanagan,* 154 F.3d at 200, the Fifth Circuit dealt with the problem of applying AEDPA retroactively, noting that "habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." The Court concluded that claims that "would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id*. Therefore, petitions filed on or before April 24, 1997, are timely. *Id.* at 202. An application pending in state court during the one-year grace period will also toll the deadline of April 24, 1997. *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

In his response to the show cause order, Justice asserts, unintelligibly, statements already made in his petition. There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C),(D). Justice wholly fails to identify any grounds for equitable tolling. Accordingly, the court finds that Justice's federal petition is barred by the AEDPA's one-year limitation period. This action will therefore be dismissed.

### III. Conclusion

It is **ORDERED** that Justice's petition for writ of habeas corpus (Docket No. 1) is **DENIED** and this case is **DISMISSED** with prejudice as time-barred under the provisions of 28 U.S.C. § 2244(d). Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Justice has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 24th day of February, 2010.

_____
Kenneth M. Hoyt
United States District Judge